1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JUNIOR SAINVIL,

                Plaintiff,

    v.

MICHAEL P. PRINTY,

                Defendant.

Case No. 2:18-cv-01121-APG-CWH

**REPORT AND RECOMMENDATION**

      This matter is before the court on pro se plaintiff Junior Sainvil's failure to comply with the court's order (ECF No. 16) and order to show cause (ECF No. 18).

      On November 2, 2018, the court allowed Sainvil's attorney to withdraw and ordered Sainvil to inform the court in writing whether he would represent himself for the duration of the case. (Order (ECF No. 16).) Sainvil's court-ordered deadline for doing so was November 30, 2018. (*Id.*) Sainvil did not comply with the court's order. On January 15, 2019, the court ordered Sainvil to show cause why sanctions should not be imposed for his failure to comply with the court's previous order. (OSC (ECF No. 18).) The court expressly cautioned Sainvil that failure to respond to the order to show cause by February 11, 2019, would result in a recommendation that his case be dismissed. (*Id.*) This deadline has expired, and Sainvil has not responded to the order to show cause, requested an extension to do so, or otherwise responded to the court's orders.[1] Nor has an attorney appeared on Sainvil's behalf.

---

[1] The court's order to show cause was returned by the United States Post Office as undeliverable. (ECF No. 19.) Under the court's local rules, failure to immediately file with the court written notification of any change of mailing address and other contact information is an independent basis for dismissal of the action. *See* LR IA 3-1; *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming district court's dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming district court's dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide several mechanisms that allow courts to accomplish this goal using sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.*

Rule 16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1). Potential sanctions under Rule 37(b)(2)(A) include dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v). In determining whether to impose the sanction of dismissal, a court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (district courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case). Sainvil's failure to comply with the court's orders has resulted in unnecessary delay and has burdened the court's docket. The third factor, risk of prejudice to the defendant, weighs in favor of dismissal because Sainvil's repeated failure to comply with the court's orders have made it impossible for the case to move forward and impairs defendant's ability to go to trial and obtain a rightful decision in the case. *See Adriana Int'l Corp.*

1    *v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).  The court expressly warned Sainvil of the

2    possibility of dismissal as a sanction for his failure to comply with the court's orders and there is

3    no indication he will comply with the court's orders, thereby satisfying the fifth factor's

4    requirement that the court consider less drastic alternatives.  *See Malone v. U.S. Postal Service*,

5    833 F.2d 128, 131–32 (9th Cir. 1987).  The fourth factor, the public policy favoring disposition of

6    cases on their merits, is outweighed by the other factors favoring dismissal.  As a result, the court

7    will recommend dismissal of the case.

8         IT IS THEREFORE RECOMMENDED that this case be DISMISSED based on Sainvil's

9    failure to respond to the court's February 11, 2019, order to show cause.

10                                    **NOTICE**

11        This report and recommendation is submitted to the United States district judge assigned

12   to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

13   may file a written objection supported by points and authorities within fourteen days of being

14   served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

15   objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

16   1153, 1157 (9th Cir. 1991).

17

18        DATED: March 8, 2019

19                                    _____

20                                    C.W. HOFFMAN, JR.
                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28